## Donnelly & Suess, Inc., v. Lilley

*High, Swartz, Child & Roberts,* for plaintiffs.

*Wright, Mauck, Hawes & Spencer,* for defendants.

KNIGHT, P. J., December 7, 1957.—The verdict was in favor of plaintiffs and defendants have filed these motions which were argued before the court en banc.

Plaintiffs have the verdict and therefore the evidence must be looked upon in the light most favorable to them and all controverted questions of fact must be decided in their favor.

Viewing the evidence in this light, the facts may be briefly stated as follows:

On August 26, 1954, defendants agreed to sell to Edward J. Boyle, a straw party for the other plaintiffs, premises situate 117 Coulter Avenue in Lower Merion Township for the sum of $65,000, possession of the premises to be given by deed and key on or before January 15, 1955, and it was agreed that time

"is hereby agreed to be of the essence of this agreement unless extended by mutual consent in writing endorsed hereon". The sum of $6,500 was paid by the purchasers as down money.

On January 15, 1955, defendants, sellers, were not ready for settlement so the following agreement in writing was endorsed on the original agreement of sale: "Now therefore it is mutually understood and agreed that the said agreement with all its terms and conditions is hereby extended to expire not later than February 1, 1955."

On January 26, 1955, the parties to the agreement or their representatives, met at the office of the Commonwealth Title Company for the purpose of settlement. It developed that the tenant in the subject property had not vacated so at the request of the sellers, the settlement was postponed to January 31, 1955, at which time the parties again met at the Commonwealth Title Company for settlement. Again it appeared that the tenant was still in possession and no settlement took place. The next day, February 1st, counsel for the sellers notified the counsel for the buyers that the settlement would take place at 9 p.m. in the offices of Mr. Lilley. At 9 p.m., representatives of the sellers were present, but the buyers did not appear. No settlement took place. At 9 p.m. on February 1, 1955, the goods of the tenant were still in the Coulter Street house, although moving vans were there and the tenant was moving; at midnight on February 1, 1955, the house was practically vacant.

The buyers demanded a return of the down money but the sellers declared a forfeiture and refused to return the down money. The buyers then brought this suit which resulted in a verdict in their favor.

At the trial, Mr. James, counsel for the buyers, testified that when the parties met on January 26, 1955, it was agreed that the settlement would be con-

tinued to January 31, 1955, with the understanding that if no settlement was made then that the agreement would be at an end. The testimony of Mr. James was contradicted by other witnesses, representatives of the sellers, at the settlement.

Defendants have filed three original reasons and seven additional reasons in support of their motions. We do not think it necessary to discuss all of these reasons for the gist of them all seems to be:

1. The trial judge erred in admitting the testimony of Mr. James to the effect that the agreement of sale was to be voided if settlement was not made on January 31, 1955.

2. The trial judge erred in instructing the jury that if defendants could not give possession of the subject premises at 9 p.m. on the evening of February 1, 1955, the verdict should be for plaintiffs.

The general rule of law is that a written agreement may be modified by a *subsequent* oral agreement.

It will be noted that the original agreement of sale provided that settlement should take place "on or before January 15, 1955". The time of settlement was extended in writing to "expire not later than February 1, 1955". This extension would seem to imply that the parties could fix a future day for settlement but not later than February 1st. It is uncontradicted that the parties did fix another date, namely January 26th, and then a further date, January 31st. At the meeting on January 26th, Mr. James testified that if the settlement did not take place on January 31st, the deal was off. If the jury believed this testimony, plaintiffs were entitled to recover their down money, for it is uncontradicted that defendants could not give possession on January 31st and were therefore unable to comply with their agreement. Counsel for defendants contend that the trial judge erred in permitting Mr. James to testify to the agreement of

January 26th, as it contradicted the written agreement of extension. Counsel cite no case in support of their contention, but cite a case which seems to imply that oral testimony may not be heard to overcome a written prohibition in an agreement of sale prohibiting an oral extension. That is not this case.

We are of the opinion that the trial judge did not err in admitting the testimony of Mr. James. We have no way of knowing on what evidence the jury based its verdict, but assuming that the fact finding body based its finding on the charge of the court instructing them that if defendants were not in a position to settle and give possession at 9 p.m. on February 1, 1955, the verdict should be for plaintiffs. It is true that defendants had until midnight on February 1st within which to comply with their agreement and the trial judge so told the jury. It is also true that neither defendants not their counsel notified plaintiffs or their counsel that defendants were in a position to settle anytime after 9 p.m. on February 1st. These defendants had appointed three different days and times for settlement and delivery of possession and each time they were in no position to settle and deliver possession. It seems to us that if, at anytime prior to midnight, on February 1, 1955, defendants were in a position to settle and give possession, it was their duty to so notify plaintiffs. Plaintiffs testified that at all times during the life of the agreement they were willing and able to settle for the subject property, but in the absence of any notice that defendants could comply with their agreement as to possession, we are of the opinion that plaintiffs were justified in assuming that defendants could not give possession by midnight, February 1, 1955. We are of the opinion that the trial judge did not err in charging the jury as he did. This decision was delayed because the writer

requested his law clerk to look up the law and his law clerk overlooked the case.

And now, December 7, 1957, the motions for a new trial and for judgment n. o. v. are overruled.

*Final Judgment*

December 24, 1957: Judgment entered in favor of Donnelly & Suess, Inc., William Stuempfig & Edward J. Boyle, plaintiffs, and against Bettina Lilley, Jr., executrix of the Estate of William Lilley, Jr., deceased, and Bettina Lilley, Jr., defendants, for the sum of $6,923.33 with costs on the verdict of a jury rendered December 18, 1956.